Case 4:19-cv-02059   Document 17   Filed on 11/03/20 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
November 03, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRIAN C. COOKSEY, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO.: 4:19-CV-2059 |
| § | |
| ANDREW SAUL, § | |
| COMMISSIONER OF THE § | |
| SOCIAL SECURITY ADMINISTRATION, § | |
| § | |
| *Defendant*. § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Brian C. Cooksey filed this case under the Social Security Act, 42 U.S.C. § 405(g) for review of the Commissioner's final decision denying his request for disability insurance benefits. Plaintiff and the Commissioner moved for summary judgment. ECF 13, 14. After considering the pleadings, the record, and the applicable law, the Court recommends that Plaintiff's motion be denied and the Commissioner's motion be granted.

### I. Background

**1. Factual and Administrative History**

Cooksey filed his claim for disability insurance benefits on February 5, 2016 alleging disability as of September 2, 2014 due to a back injury. Tr. at 13. The agency denied his claims on initial review and reconsideration. The administrative law judge (ALJ) held a hearing on July 6, 2018 at which Cooksey, his mother, and a vocational expert, Rosalind Y. Lloyd, testified. The ALJ issued a decision awarding Cooksey benefits for the closed period June 29, 2016 to June 29, 2017 but finding him not disabled for the periods September 2, 2014 to June 29, 2016 and June 30, 2017 to the date of the opinion. Tr. 12-33. The Appeals Council denied review on April 24,

2019 and the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.984(b)(2) and 416.1484(b)(2).

**2.    Standard of Review**

Federal court review of the Commissioner's final decision to deny Social Security benefits is limited to two inquiries: (1) whether the Commissioner applied the proper legal standard; and (2) whether the Commissioner's decision is supported by substantial evidence. *Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014). When reviewing the Commissioner's decision, the court does not reweigh the evidence, try the questions de novo, or substitute its own judgment for that of the Commissioner. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002) (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). Conflicts in the evidence are for the Commissioner to resolve, not the courts. *Id.*

**3.    Disability Determination Standards**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). The ALJ must follow a five-step sequential analysis to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. In the first step, the ALJ decides whether the claimant is currently working or "engaged in substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If so, the claimant is not disabled. In the second step, the ALJ must determine whether the claimant has a severe impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant's impairment does not have a de minimis impact on her ability to work, she is not disabled. *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018). The third step of the sequential analysis requires the ALJ to

determine whether the claimant's severe impairment meets or medically equals one of the listings in the regulation known as Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. Part 404, Subpart P, Appendix 1. If so, the claimant is disabled. If not, the ALJ must determine the claimant's "residual functional capacity" (RFC). "The RFC is the individual's ability to do physical and mental tasks on a sustained basis despite limitations from her impairments." *Giles v. Astrue*, 433 F. App'x 241, 245 (5th Cir. 2011) (citing 20 C.F.R. §404.1545). At step four, the ALJ determines whether the claimant's RFC permits her to perform her past relevant work. If the answer is no, the ALJ determines at step five whether the claimant can perform any other work that exists in the national economy. *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987). The claimant bears the burden to prove disability at steps one through four, but the burden shifts to the Commissioner at step five. *Newton*, 209 F.3d at 452-53.

**4.     The ALJ's Decision**

The ALJ performed the standard 5-step sequential analysis. The ALJ found that Cooksey met the insured status of the Act through December 31, 2019; had not engaged in substantial gainful activity since his alleged onset date of September 2, 2014; and had the severe impairment of "degenerative disc disease of the lumbar spine and status post lumbar fusion." Tr. at 17. The ALJ determined that Cooksey did not at any time since September 2, 2014 have an impairment that, alone or in combination with others, met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*

Plaintiff has had two back surgeries. The first was for scoliosis in 2011, before his alleged onset of disability. *Id.* at 65, 98-99, 1290-1312. He recovered from that surgery and was able to work full time until he had an accident at work on September 2, 2014. *Id.* at 51-52, 1290-1312. The second surgery was in June 2016. *Id.* at 65, 98-99, 1290-1312. The ALJ determined that

3

despite his back injury, for the period September 2, 2014 to June 29, 2016 Cooksey had the RFC to perform sedentary work as defined in 20 C.F.R. § 414.1567(a) with the following additional limitations:

> [He] can push and pull, and perform fine and gross manipulations unlimitedly except for occasional pushing and pulling with the lower extremities, bilaterally. [He] cannot climb stairs, ladders, ropes, or scaffolds and cannot run. He can occasionally bend, balance, stoops, crouch, crawl, and twist, but no squatting. [He] can have no exposure to heights, dangerous machinery, or uneven surfaces. He has no mental impairment.

*Id.* Plaintiff's condition changed when he underwent surgery in June 2016. For the period June 29, 2016 through June 29, 2017, the ALJ found Cooksey had the RFC to perform sedentary work with the same limitations set forth above, but with the additional limitation that he could "stand and walk two hours, and sit for about 4 hours, *less* than a full 8-hour workday." *Id.* at 25 (emphasis in original). The ALJ further found that Plaintiff's condition improved a year post-surgery, and for the period June 30, 2017 through the date of decision, the ALJ found Cooksey had the same RFC as during the period September 2, 2014 to June 29, 2016. *Id.* at 30.

The ALJ found that Cooksey was unable to perform his past relevant work as a crane operator and material tester during any period from September 2, 2014 through the date of the decision. *Id.* at 28, 32. Considering Cooksey's age, education, work experience, and RFC, and based on the testimony of the vocational expert, the ALJ found that Cooksey could perform the jobs of document preparer, callout operator, and optical goods worker during the periods September 2, 2014 to June 29, 2016 and June 30, 2017 through the date of the decision, and thus was not disabled under the Act during those periods. *Id.* at 28-32. However, there were no jobs Cooksey could have performed from June 29, 2016 through June 29, 2017, and thus he was disabled under the Act for that one-year period. *Id.* at 29-30.

## II. Analysis

Plaintiff asserts one point of error in his appeal to this court: "Defendant erred by Ruling that Movant's Disability Lasted for Only Twelve Months and [the decision] is Not Supported by Substantial Evidence." ECF 13 at 1, 5. Defendant argues that Plaintiff has not met his burden to show the ALJ erred and that the ALJ correctly considered and weighed the evidence in making his disability determination.

As Defendant points out, ECF 16 at 2, Plaintiff's brief consists primarily of a summary of the record medical evidence.[1] Plaintiff does not contend that the ALJ did not consider all this evidence, and in fact the September 4, 2018 decision shows otherwise. There is no dispute that Plaintiff suffers a severe back impairment, but Plaintiff must also show that limitations from the impairment prevent him from working. *Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983). Plaintiff does not explain why the medical evidence he cites contradicts the ALJ's conclusion that "[t]he objective medical testing and the claimant's subjective complaints of pain and limitations support the limitation to a sedentary residual functional capacity." *Id.* at 22. In reaching his unfavorable disability conclusion for the periods before June 29, 2016 and after June 29, 2017, the ALJ relied on the objective medical evidence, as well as evidence that Plaintiff's "actual daily activities reveal a significantly greater physical functional ability than alleged, at least permitting him to perform work within a sedentary residual functional capacity." *Id.* at 19. For example, Plaintiff took a honeymoon cruise to Jamaica, Cancun, and Grand Cayman in 2015; he assisted

---

[1] Plaintiff argues only that the ALJ's decision is not supported by substantial evidence. He does not argue that the ALJ made a legal error in determining the closed period of disability. ECF 13. The ALJ properly applied the "medical improvement standard" for determining the termination of disability. *See Waters v. Barnhart*, 276 F.3d 716, 719 (5th Cir. 2002) (quoting *Picket v. Bowen*, 833 F.2d 288, 289 n.1 (11th Cir. 1987); *Moreland v. Astrue,* No. CIV.A. 1:08CV82-SAA, 2009 WL 3246694, at *5 (N.D. Miss. Sept. 30, 2009) ("It is the policy of the Social Security Administration to establish a closed period of disability where the evidence establishes that a plaintiff was unable to engage in substantial gainful activity for a continuous period of 12 months, but the claimant is no longer disabled by the time a disability determination is made."); *Vicknair v. Astrue*, Civil Action No. 1:08-CV-052, 2009 WL 294764 *6 (N.D. Tex. Sept. 15, 2009)("a closed period of disability entails both a disability and a termination" determination.).

with childcare and stayed home alone with his child; he was able to drive, do household chores, grocery shop, run errands, and handle finances. *Id.* at 18-19, 22, 81-87, 312-22, 815.

Plaintiff argues that the ALJ erred in failing to give more weight to the opinions of his back surgeon, Dr. Darrell Hanson, and his pain management doctor, Dr. Veena Basava. Again, Plaintiff makes only a conclusory statement that the ALJ should not have discounted these opinions; he does not explain why the ALJ's consideration of these opinions was erroneous. *See* ECF 13 at 27.

Dr. Hanson performed Plaintiff's back surgeries in 2011 and 2016. On June 4, 2018, Dr. Hanson completed a Lumbar Spine Residual Functional Capacity Questionnaire. Tr. at 1313-1316. Dr. Hanson noted on the form questionnaire that Plaintiff was unable to sit for more than 5 minutes or stand for more than 15 minutes at one time, and could never lift even less than 10 pounds and was unable to bend, stoop, or twist at the waist. *Id.* Dr. Hanson declined to answer some specific function questions, instead stating only that Plaintiff was "permanently disabled." *Id.* Along with the form, Dr. Hanson submitted a brief letter stating that Plaintiff "is now permanently disabled and unable to sit or stand for extended periods. He is unable to bend, stoop, or twist at the waist." *Id.* at 1317. Dr. Basava also completed a Lumbar Spine Residual Functional Capacity Questionnaire. Tr. at 1285-89. Dr. Basava noted that Plaintiff's pain and other symptoms "constantly" interfere with Plaintiff's attention and concentration, that he could sit and stand only a few minutes at a time, and he could never lift any weight. Dr. Basava, like Dr. Hanson, answered several questions by simply stating "disabled." *Id.*

The ALJ expressly considered Dr. Hanson's and Dr. Basava's opinions. Tr. at 27. As to both, the ALJ accorded the doctor's opinion some weight during the closed period because medical records supported increased limitations while Plaintiff was recovering from surgery. However, as to the periods before and after the closed period, he afforded each opinion "little weight . . . because

6

the conclusions are not supported by the evidence as a whole. The claimant's activities of living in the period prior to and after the closed period, ability to travel and care for a small child, reveal he is more capable than alleged." *Id.*

An ALJ is required to consider all treating physician medical opinions and give good reasons for the weight he accords them. *Domingue v. Saul*, No. CV H-18-1164, 2020 WL 496927, at *10 (S.D. Tex. Jan. 14, 2020), report and recommendation adopted, No. CV H-18-1164, 2020 WL 489565 (S.D. Tex. Jan. 30, 2020). Agency regulations set out factors the ALJ should consider when determining the weight to accord treating physician opinions, but the ALJ "is not required to record in writing every step of the process." *Id.* (citing 20 C.F.R. § 404.1527(c) ("Unless we give a treating source's opinion controlling weight ... we *consider* all of the following factors in deciding the weight we give to any medical opinion.") (emphasis in *Domingue*)). The ALJ may reject the opinion of a physician when the evidence supports a contrary conclusion. *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995). In addition, it is well-established that statements that a Plaintiff is disabled are not medical opinions and are not due any deference by the ALJ. *Miller v. Barnhart*, 211 F. App'x 303, 305 (5th Cir. 2006) ("We do not require that an ALJ justify a decision to give little weight to a physician's opinion that a patient is disabled or unable to work, because such decisions are reserved for the Commissioner. *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir.2003)").

Plaintiff argues, citing *Losa v. Apfel*, 219 F.3d 378, 394 (5th Cir. 2000), that the ALJ cannot "pick and choose" the evidence that suits his decision. ECF 13 at 28. However, it is the ALJ's job to assess all of the objective and subjective evidence, and to resolve conflicts in the evidence. *See Martinez*, 64 F.3d at 174. What the Plaintiff characterizes as the ALJ picking and choosing the evidence is actually the process of the ALJ weighing the objective medical evidence. *Taylor v.*

*Astrue*, 706 F.3d 600, 602-03 (5th Cir. 2012) (citing *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995)). It is not this court's job to reweigh that evidence. The Court concludes that the ALJ did not err because he considered the opinions of Dr. Hanson and Dr. Basava and provided good reasons for discounting them, and substantial evidence supports his RFC determination.

### III. Conclusion

For the reasons discussed above, the court recommends that Plaintiff's Motion (ECF 13) be **DENIED**, the Commissioner's Motion (ECF 14) be **GRANTED**, and the Commissioner's final disability decision be **AFFIRMED**.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on November 02, 2020, at Houston, Texas.

*Christina A. Bryan*
Christina A. Bryan
United States Magistrate Judge